IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LAMAR SIMPSON, #1906542 § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:15cv644 | |
| § | | |
| DIRECTOR, TDCJ-CID, et al., § | | |
| *Defendants* § | | |

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff Lamar Simpson filed a civil rights complaint pursuant to 42 U.S.C. §1983. He claims Defendants violated his constitutional rights while he was incarcerated at the Dalhart Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff brings suit against Defendants in their individual capacities and seeks injunctive relief and punitive damages in the amount of five million dollars ($5,000,000). This Memorandum Opinion and Order concerns Defendants' Livingston and Kazmierczak Rule 12(b)(6) motion to dismiss.

## BACKGROUND

Plaintiff asserts Officers Patton and Pinkston, during a dorm-search, violated his First Amendment right to freely exercise his Jewish faith by confiscating material he used for religious study. He also claims that his due process rights under the Fourteenth Amendment were violated by Officer Welch, the hearing officer for the disciplinary case in which Plaintiff was found guilty of unauthorized storage of property. Plaintiff makes no assertions against Defendants Livingston and Kazmierczak, but simply lists their names in the case heading.

## STANDARD - RULE 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The

1

Supreme Court stated that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.*, 550 U.S. at 555.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Rule 8 does not require "detailed factual allegations but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint suffice if it provides naked assertions that are devoid of further factual enhancement. *Id*. Thus, a complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint may be dismissed if a plaintiff fails to "nudge [his] claims across the line from conceivable to plausible." *Id.* The distinction between merely being possible and plausible was reiterated by the Court in *Iqbal*, 556 U.S. at 678. A complaint that pleads facts "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*.

If the facts alleged in a complaint "do not permit the court to infer more than the mere possibility of misconduct," a plaintiff has not shown entitlement to relief. *Id*. (citing Fed. R. Civ. P. 8(a)(2)). A factual allegation "merely creating a suspicion" that a plaintiff might have a right of action is insufficient. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 421 (5th Cir. 2006). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. If the facts alleged in a complaint fail to permit the court to infer more than the mere possibility of misconduct, a plaintiff has not shown entitlement to relief. *Id*. (citing Fed. R. Civ. P. 8(a)(2)). Dismissal is proper if a complaint lacks a factual allegation regarding any required element necessary to obtain relief. *Rios*, 44 F.3d at 421.

In *Twombly*, the Supreme Court noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**PERSONAL INVOLVEMENT**

To hold a defendant liable under a § 1983 claim, a plaintiff must show the defendant was personally involved in the alleged constitutional violation. Personal involvement is an essential element. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). A plaintiff must establish a causal connection between the alleged constitutional deprivation and the defendant whom he would hold responsible. *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). Here, Plaintiff does not allege that Defendants Livingston and Kazmierczak were present during the confiscation of his religious materials or that either of them otherwise caused the incident. Further, Plaintiff does not allege Defendants Livingston and Kazmierczak had any personal involvement in his disciplinary case. In fact, Plaintiff does not assert any claims whatsoever against these Defendants. Thus, their motion to dismiss must be granted.

Because Plaintiff fails to state a claim upon which relief may be granted, Defendants' Livingston and Kazmierczak motion to dismiss must be granted. It is therefore

**ORDERED** that Defendants' Rule 12(b)6) motion to dismiss (Dkt. #29) is **GRANTED** and the claims against Defendants Livingston and Kazmierczak are **DISMISSED** with prejudice.

**SIGNED this 24th day of February, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE